# Exhibit A

Exhibit A

Case 8:21-cv-01166 Document 1-1 Filed 07/06/21 Page 2 of 18 Page ID #:6
Electronically Filed by Superior Court of California, County of Orange, 05/14/2021 10:24:44 PM.
30-2021-01201463-CU-PO-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WHIRLPOOL CORPORATION; and DOES 1-25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOHN RUSSELL

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Orange County Superior Court - Central Justice Center
700 W Civic Center Dr, Santa Ana, CA 92701

CASE NUMBER: *(Número del Caso):*
30-2021-01201463-CU-PO-CJC

Judge Theodore Howard

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jason J. Fratts, FRATTS LAW, P.C., 23 Corporate Plaza Dr., Suite 150, Newport Beach, CA 92660, (949) 610-1746

| DATE: 05/14/2021 DAVID H. YAMASAKI, Clerk of the Court | Clerk, by H. McMaster, Deputy |
|---|---|
| *(Fecha)* | *(Secretario)* *(Adjunto)* |

Hailey McMaster

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* WHIRLPOOL CORPORATION
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Electronically Filed by Superior Court of California, County of Orange, 05/14/2021 10:24:44 PM.
30-2021-01201463-CU-PO-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jason J. Fratts, Esq. (SBN 224491) <br> FRATTS LAW, P.C. <br> 23 Corporate Plaza Dr., Suite 150, Newport Beach, CA 92660 | |
| TELEPHONE NO.: (949) 610-1746   FAX NO. (Optional): | |
| ATTORNEY FOR (Name): JOHN RUSSELL | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 700 W Civic Center Drive
MAILING ADDRESS: - Same as Above-
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

CASE NAME:
John Russell v. Whirlpool Corporation, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited  [ ] Limited <br> (Amount demanded exceeds $25,000)  (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 30-2021-01201463-CU-PO-CJC <br> JUDGE: <br> DEPT.: Judge Theodore Howard |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [x] Other PI/PD/WD (23)
   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)
   **Employment**
   [ ] Wrongful termination (36)
   [ ] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)
   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)
   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)
   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)
   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint (not specified above) (42)
   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition (not specified above) (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 2
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 14, 2021

Jason J. Fratts, Esq. (SBN 224491)
(TYPE OR PRINT NAME)                ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Case 8:21-cv-01166 Document 1-1 Filed 07/06/21 Page 5 of 18 Page ID #:9
Electronically Filed by Superior Court of California, County of Orange, 05/14/2021 10:24:44 PM.
30-2021-01201463-CU-PO-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.

Jason J. Fratts (Bar No. 224491)
FRATTS LAW, P.C.
23 Corporate Plaza Dr., Suite 150
Newport Beach, CA 92660
P: (949) 610-1746
F: (949) 610-1747
jason@frattslaw.com

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE

Assigned for All Purposes
Judge Theodore Howard

| | |
|---|---|
| JOHN RUSSELL,<br><br>Plaintiff,<br><br>v.<br><br>WHIRLPOOL CORPORATION.; and DOES 1-25,<br><br>Defendant. | [UNLIMITED - Demand Exceeds $25,000]<br><br>CASE NO. 30-2021-01201463-CU-PO-CJC<br><br>1. Strict Product Liability<br>2. Negligence<br><br>DEMAND FOR JURY TRIAL |

COMES NOW Plaintiff JOHN RUSSELL, and alleges and states based upon knowledge or information and belief as follows:

**PARTIES**

1. The Plaintiff, John Russell ("Plaintiff"), is an individual and the owner of real property located at 45 Clermont, Newport Coast, California 92657. (hereinafter the "Russell Home").

2. Plaintiff is informed and believes that Defendant, Whirlpool Corporation ("Whirlpool"), is and at relevant times was an Illinois corporation authorized to do business in California.

3. Whirlpool is a global manufacturer, distributor, and seller of various products to consumers, including dishwashers sold under the "Kitchen-Aid" brand.

4. Whirlpool's consumer products are distributed and sold throughout California.

- 1 -

PLAINTIFF'S COMPLAINT

## GENERAL ALLEGATIONS

5. On or about June 24, 2020, the Frankel Home and the personal property therein were damaged by a discharge of water from a 2015 KitchenAid Dishwasher manufactured/distributed/sold by Whirlpool and DOES 1-25, which Plaintiff is informed bears a Model Number of KDTM354DSSS3 and Serial Number of F52309043 (this appliance and similar appliances manufactured by Whirlpool may hereinafter be referred to as the "Appliance").

6. Plaintiff is informed and believes and thereon alleges that this discharge of water from the appliance occurred because of a leaking from the diverter motor that was part of the Appliance manufactured/distributed/sold by Whirlpool and DOES 1-25.

7. The diverter motor design for the Appliance has been known to be problematic with dishwashers that incorporate them, typically due to seal failures. Had the diverter motor employed an improved design for the motor shaft, the seals, and the housing, the dishwasher would not have leaked as it did, and the water loss would have been avoided. Whirlpool has had knowledge of this issue and face many claims for this issue. Plaintiff is informed and believes that Whirlpool and DOES 1-25 have known for years that the Appliance and similar appliances contain a defectively designed and/or motor diverter, including components thereof.

8. Prior to filing suit, Plaintiff presented the claim to Whirlpool, including an expert report identifying the defect in the Appliance. Whirlpool's response was a denial of responsibility for the damages, and claim that Plaintiff's insurance company, which denied the claim, must present a damage claim to Whirlpool, before Whirlpool would consider any damage claim. To that end, Plaintiff is informed and believes that when insurance subrogation claims are involved, Whirlpool has routinely adjusted and resolved similar claims, but denied responsibility for this claim using lack of insurance as an improper basis for denial.

9. Plaintiff offered to have Whirlpool inspect the Appliance and Whirlpool insisted that Plaintiff take out the specific component and ship to Whirlpool, as opposed to inspecting the Appliance, which could cause potential spoliation of evidence. At no relevant time prior to

filing did Whirlpool address the expert report or Plaintiff's information presented concerning the defect.

10. Plaintiff is informed and believes and thereon alleges that this malfunction caused the Appliance to leak, allowing water to flow from the Appliance into the Russell Home, causing major water damage to the Russell Home and the property therein.

11. Plaintiff is informed and believes and thereon alleges that the Appliance was unreasonably dangerous because it was defective at the time of manufacture, distribution, and sale by Whirlpool and DOES 1-25, and was unable to withstand the ordinary and foreseeable conditions of use.

12. Plaintiff is informed and believes and thereon alleges that the warnings, labels, and instructions provided with the Appliance at issue did not provide sufficient instructions to allow a user or consumer to avoid, prevent, or timely detect this malfunction.

13. Plaintiff is informed and believes and thereon alleges that the defendants named herein as DOES 1 through 25, inclusive, were the agents, partners, servants, alter-egos, subcontractors, joint ventures, predecessors-in-interest, successors, parents, subsidiaries and/or employees of each of the remaining defendants and were at all times mentioned herein, acting within the course, scope and authority of said agency, employment or relationship.

14. Plaintiff is informed and believes and thereon alleges that the true names or capacities, whether individual, corporate, associate or otherwise, of the defendants named herein as DOES 1 through 25, inclusive, and each of them, are unknown to this complainant who therefore sues defendants by such fictitious names pursuant to the provision of Code of Civil Procedure Section 474.

15. Complainant will request leave of court to amend this complaint to show the true names and capacities once the same has been ascertained.

16. Plaintiff is informed and believes and thereon alleges that the defendants designated herein as DOES 1 through 25, and each of them, were negligently or in some other actionable manner responsible for the events, happenings, financial obligations and legal obligations

- 3 -

referred to herein, and have in some actionable manner caused the events, happenings, breaches and damages alleged herein by Plaintiff.

## VENUE

17. Venue is proper in Orange County because the subject property affected by the loss is located in Orange County.

## CLAIMS FOR RELIEF

### COUNT I

**(Strict Product Liability Against Whirlpool and DOES 1-25)**

18. The foregoing paragraphs are incorporated by reference as though fully stated herein.

19. Plaintiff is informed and believes and thereon alleges that Whirlpool and DOES 1 through 25 are manufacturers, distributors, and/or sellers of Appliances and consumer goods, including the Appliance at issue, and are subject to strict liability for damages resulting from defects in this Appliance and similar Appliances.

20. Plaintiff is informed and believes and thereon alleges that the Appliance at issue was in a condition unreasonably dangerous at the time of manufacture, because of flaws and faults in the design and manufacture, which caused the Appliance to fail when put to its expected and intended use.

21. Plaintiff is informed and believes and thereon alleges that the Appliance at issue was in a defective and unreasonably dangerous condition when manufactured, distributed, and sold by Whirlpool and DOES 1 through 25 and was unable to withstand the ordinary and foreseeable conditions of use, including but not limited to:

    a. Defects and/or faults in the design of Appliance at issue, which caused the Appliance not to be unable to withstand its intended and foreseeable use;

    b. Defects and/or faults deriving from the manufacture, production, and assembly of the Appliance at issue, caused such Appliance to deviate from the specifications of Whirpool and DOES 1-25 and any other necessary, standard and/or reasonable specifications and tolerances for this type of Appliance;

    c. Defects and/or faults in the instructions, labels, and warnings associated with the Appliance at issue, which failed to warn and provide sufficient instructions for safe use of such Appliances, and failed to allow the consumer to avoid the damages resulting from use; and

    d. Defects and/or faults in the inspection and testing of the Appliance at issue, which allowed faults and/or flaws in the components of the Appliance to go undetected.

22. Plaintiff is informed and believes and thereon alleges that the Appliance at issue was in a condition unreasonably dangerous at the time of manufacture, because of Defendant, Whirpool's and DOES 1-25's, failure to adequately warn and instruct installers, users, and consumers concerning the Appliance at issue.

23. Plaintiff is informed and believes and thereon alleges that the defective and unreasonably dangerous condition of the Appliance was the direct and proximate cause of the damage to the Russell Home, for which Plaintiff suffered damages, including property damages and loss of use.

## COUNT II

### (Negligence Against Whirpool and DOES 1-25)

24. The foregoing paragraphs are incorporated by reference as if fully restated herein.

25. Plaintiff is informed and believes and thereon alleges that Whirpool and DOES 1 through 25 are manufacturers of products, including the Appliance at issue in this action, and owed a duty of care to the Insured, as consumer and foreseeable user of their products, to manufacture products that are free from defects and fit for their intended purpose.

26. Plaintiff is informed and believes and thereon alleges that Whirpool and DOES 1 through 25 breached this duty by failing to exercise reasonable care in the design, manufacture, inspection, testing, assembly, and selection of materials of the Appliance at issue, including but not limited to:

    a. Failing to exercise reasonable care in the design of the Appliance at issue;

b. Failing to exercise reasonable care in the selection of materials for the Appliance at issue;

c. Failing to exercise reasonable care in the testing and inspection of the Appliance at issue;

d. Failing to exercise reasonable care in the drafting and designing of on-product warnings and labels for the Appliance at issue;

e. Failing to exercise reasonable care in the drafting and designing of manuals and written instructions for the Appliance at issue;

f. Failing to exercise reasonable care in the distribution and transport of the Appliance at issue;

g. Failing to exercise reasonable care in the testing and inspection of the completed Appliance at issue;

h. Failing to warn or adequately warn of dangers or risks of harm, and failing to provide or adequately provide instructions for the safe use of the Appliance at issue; and

i. Failing to exercise reasonable care in the assembly of the Appliance at issue.

27. Plaintiff is informed and believes and thereon alleges that these breaches of duty were the legal and proximate cause of the malfunction of the Appliance at the Russell Home, and for which Plaintiff suffered significant property damage and loss of use.

///
///
///
///
///
///
///
///
///

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against all Defendants, and each of them, as follows:

1. For monetary damages in an amount exceeding $200,000, and otherwise according to proof at the time of trial;

2. For attorney's fees and costs as permitted by law;

3. For prejudgment and post-judgment interest as permitted by law; and

4. For such other and further relief as this Court may deem proper.

Dated: May 14, 2021                    FRATTS LAW, P.C.

                                       By: _____
                                       Jason J. Fratts
                                       Attorneys for Plaintiff
                                       JOHN RUSSELL

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

   (1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

   (2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

   (3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

   (4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:     STATE:     ZIP CODE:<br>TELEPHONE NO.:     FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | FOR COURT USE ONLY<br><br>*For your protection and privacy, please press the Clear This Form button after you are done printing this form.* |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☐ Central – 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-4593 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
          ☐ Under section 1141.11 of the Code of Civil Procedure
          ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____ _____ _____
                             (SIGNATURE OF PLAINTIFF OR ATTORNEY)        (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____ _____ _____
                             (SIGNATURE OF DEFENDANT OR ATTORNEY)      (SIGNATURE OF DEFENDANT OR ATTORNEY)

ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION

Approved for Optional Use                                                                                      California Rules of Court, rule 3.221
L1270 (Rev. March 2019)

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | **FOR COURT USE ONLY**<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
| PLANTIFF: John Russell | **May 20, 2021** |
| DEFENDANT: Whirlpool Corporation | Clerk of the Court<br>By: Hailey McMaster, Deputy |
| Short Title: RUSSELL VS. WHIRLPOOL CORPORATION | |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2021-01201463-CU-PO-CJC |

Please take notice that a(n), Case Management Conference has been scheduled for hearing on 10/22/2021 at 09:00:00 AM in Department C18 of this court, located at Central Justice Center.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html

Clerk of the Court, By: _H. McMaster_____, Deputy

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>Central Justice Center<br>700 W. Civic Center DRIVE<br>Santa Ana 92701 ||
|---|---|
| SHORT TITLE: RUSSELL VS. WHIRLPOOL CORPORATION ||
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2021-01201463-CU-PO-CJC** |

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 05/20/2021. Following standard court practice the mailing will occur at Sacramento, California on 05/21/2021.

Clerk of the Court, by: *H. McMaster*, Deputy

FRATTS LAW, P.C.
23 CORPORATE DRIVE # SUITE 150
NEWPORT BEACH, CA 92660